## In Re United Mutual Fire Insurance Company.

### PROVIDENCE—MAY 16, 1900.

Present : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Insurance.   Insolvency.   Receivers.   Comity.*

The receiver of an insolvent mutual insurance company which has issued policies in various States without complying with the laws of said States, the policies themselves in the majority of cases being also fraudulent, is not obliged to make an assessment upon the holders of such policies.   As the assessments would be uncollectible, the proceedings would be useless.

(2) *Insolvent Insurance Companies.   Levying Assessments.*

Where it appears that an insolvent mutual insurance company has issued policies in this State which, from their nature, give to other policy-holders a defence against an assessment ; and, further, that the number of policy-holders nominally liable to assessment is small and they are of little financial worth, a receiver is justified in not making an assessment.

(3) *Allowance and Disallowance of Claims.*

The allowance of a claim by a receiver of an insolvent insurance company is not in the nature of a judgment.   Such claim for proper cause may be afterwards disallowed unless some right would be lost thereby, in which case the court would determine the rights of the parties.

(4) *Status of Claims.   Date of Commencing Proceedings.*

Taxes assessed upon an insurance company after the filing of a petition for the appointment of a receiver, and before such appointment, should not be allowed as a claim against the company.   The status of all claims is to be determined as of the date of the proceedings which subsequently result in the dissolution of the company.

*Ins. Com.* v. *Com. Ins. Co.*, 20 R. I. 7, explained and followed.

(5) *Power of Receiver.*

The authority of a receiver is broad enough to allow him to contest or compromise claims against the company, as justice and prudence may require. In the disposition of the assets of the company the receiver should use his discretion, having in view the advantage of the creditors.

PETITION of a receiver of an insolvent mutual insurance company for instructions upon points the nature of which sufficiently appear in the opinion.

(1)     STINESS, J.   The receiver sets out in his petition for instructions that the insolvent company has issued policies in many States outside of Rhode Island, but that it has complied with the laws of only two of those States; also, that most of such policies contain a provision that in consideration of " an increased premium " the insured should be exempt from all liability to assessment.

Either of these grounds would be enough to prevent the receiver from collecting an assessment.   It could hardly be expected that the comity which allows a receiver from another jurisdiction to bring a suit would go to the extent of permitting him to maintain a suit based upon a violation of the laws of the State in which he might bring his action.   Still greater would be his disadvantage when he would be obliged to show that the policy, which on its face exempts its holder from assessment, was so made without authority of law, and was, in fact, a fraud.   *Ins. Com'r* v. *Commercial Ins. Co.*, 20 R. I. 7, decided that a receiver need not make uncollectible assessments.   It would be a useless proceeding; for, assessments being *pro rata*, enough would not be realized to pay indebtedness, and another assessment would be necessary.

(2)     The receiver also sets forth that after a careful examination into the affairs of the company, its methods of business and the effect thereof upon the liability of policy-holders with reference to assessments, any attempt to collect an assessment, even on resident stockholders, will, in his opinion, be futile.   The receiver's affidavit shows that the issue of the so-called non-assessable policies was without authority of the charter, and, so far as appears, also without authority from the company; thus giving to the other policy-holders a defence against an assessment because of such lack of authority and the resulting fraud upon their rights as members of a mutual company.   It also states that the number of policy-holders

nominally liable to assessment is small and of such financial condition that no assessment could be collected from them. The question asked by the receiver · is, therefore, within the decision cited above, which does not require a receiver to waste time and money in evidently fruitless efforts.

(3) ·   The second question is whether the claims of creditors shall be allowed and disallowed as stated in the report of the former receiver.   An answer to this involves facts which are not before us.   We do not think that an allowance of a claim by a receiver has the conclusive effect of a judgment.   If, after it has been made, facts appear to show that the claim should not be allowed, we think that it would be the duty of the receiver to disallow it, unless some right would be lost thereby, in which case application could be made to the court upon which the rights of the parties could be determined. Only one party has appeared to object to a disallowance of his claim.   The report says that this was disallowed because no proofs of loss had been filed.   We have nothing before us to show whether this is true or not.

(4)   The third question is whether a tax assessed against the company by the city of Providence after the petition was filed and before the appointment of the receiver should be allowed.   The former receiver allowed this claim, basing his action on *Ins. Com'r* v. *Com. Ins. Co.*, *supra*.   In that case, however, the tax had been assessed before the filing of the petition.   There has been a difference in decisions upon this question.   It was formerly held in New York that claims against the company should date from the appointment of the receiver ; but more recent decisions hold that, for proceedings terminating in dissolution, the commencement of the proceedings is proper time upon which to base distribution.   *E. R. F. Association*, 131 N. Y. 354.   In *People* v. *Com. Ins. Co.*, 17 App. Div. Sup. Ct. N. Y. 376, O'Brien, J., said : " We shall not attempt to reconcile the cases in the different jurisdictions, nor in our own, because there is undoubted conflict ; but the whole trend of the decisions in jurisdictions outside of our own and in England, favors the view that in the case

of an insolvent insurance company the status of all claims is to be determined as of the date of the proceedings which subsequently result in the dissolution of the corporation." A note to this case gives an exhaustive review of other decisions. In Massachusetts the rule is stated that the rights of all parties to share in the property of the corporation are fixed as of the date of the filing of the bill in equity. To the same effect is *Fogg* v. *Order of Golden Lion*, 159 Mass. 9. See also *Mayer* v. *Att'y-Gen.*, 32 N. J. Eq. (5 Stew.) 815.

We think that the rule thus recognized is reasonable, not only because the insolvency of the company at the date of filing the petition is the ground upon which its dissolution is based, but also because the adoption of a subsequent date opens the way to intervening complications, such as attachments and taxes, and possibly others. We therefore think that it is a proper rule to follow, and under it the tax in question should not be allowed.

(5)   The fourth question was decided in the case of the *Commercial Co.*, where we said that the receiver's authority under the statute was broad enough to allow him to contest or compromise a claim against the company, as in his opinion justice and prudence may require.

This statement also covers the fifth question as to the sale of bonds in his hands. It is the duty of the receiver to use his discretion in such matters as he may deem most advantageous to the creditors of the company. That is the purpose of his appointment. In case of an abuse of power, or, possibly, if creditors should prefer a present loss to long waiting, they, being the beneficiaries, could apply to the court for remedy.

*The Attorney-General*, for complainant.

*William J. Brown*, for receiver.

*Wilson & Jenckes, C. M. Salisbury, Albert A. Baker, and James C. Collins, Jr.*, for creditors.