COLE, CLEVELAND & CURLEY *vs.* DENNIS SHANAHAN.

NEWPORT—SEPTEMBER 30, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Pleading. Set-off: Breach of Contract.*

Gen. Laws cap. 239, § 11, allowing the plea of set-off for "any sum liquidated or for one which may be ascertained by calculation, and which

is founded on a judgment, or on an account, or on any contract (whether express or implied)," cannot be extended to include a claim for damages founded on a breach of contract.

(2) *Cross Claims. Judgments. Executions.*

A defendant having a cross claim against a plaintiff, not within the statute of set-off, may secure his equitable remedy of applying his claim in reduction of the plaintiff's judgment by virtue of Gen. Laws cap. 246, § 9, under which the judgments may be set off and execution issue only for the balance in favor of the party to whom it is due.

(3) *Pleading. Insolvency. Set-off.*

*Semble,* the description in a declaration of plaintiffs, as copartners and trustees for X., assignee of said plaintiffs, does not warrant the inference of the insolvency of the firm.

ASSUMPSIT.    Heard on demurrer of plaintiff to defendant's plea of set-off.    Demurrer sustained.

STINESS, C. J.    The plaintiffs, as trustees for William Sutter, assignee of said firm, sue for a balance due on book account.

(1)    The defendant files a plea in set-off, to which the plaintiffs demur.    The plea sets out that the plaintiffs contracted to deliver to him one car of corn at fifty-one cents a bushel, and one car of standard bran, said cars to contain, respectively, about one thousand bushels of yellow corn and about twenty tons of bran, in one-hundred-pound sacks ; that the plaintiffs failed to perform their promises for the delivery aforesaid, to the damage of the defendant, as set forth in an account filed, for the excess of price paid and for loss of profits.

The question raised is whether this is a proper plea in set-off, under Gen. Laws cap. 239, § 11.

The plaintiffs argue that the plea does not set out a demand "for any sum liquidated, or for one which may be ascertained by calculation."

There have been many conflicting decisions in regard to set-off, due largely to differences in statutes and to cases arising at law and in equity.

In *Smith* v. *Huie,* 14 Ala. 201, it was held that the right to maintain assumpsit for a demand was a test in favor of its allowance as a set-off, and hence that a demand for goods

delivered could be pleaded in set-off, though the price had not been agreed on, the statute requiring only mutual debts.

Under the Kansas code, a liquidated demand or one for unliquidated damages may be set off.   See also 22 Am. & Eng. Ency. Law, 1st ed. 245 *et seq.* and cases cited.

In *Haynes* v. *Prothro*, 10 Rich. (etc.) 318, it was held that either upon a liquidated or unliquidated demand the defendant could set up a claim for work and labor, founded on *quantum meruit*, and likewise a claim for damages arising out of the plaintiff's failure to perform a similar undertaking.   This seems also to be the rule in Pennsylvania.   Waterman on Set-off, § 336, p. 371, 2nd ed. note a.

In other States a stricter rule is followed, upon the reason that claims involving breaches of contract and uncertain damages are likely to result in confusion of issues and disagreements.   Hence as to such claims a defendant is left to his separate action.   The clear weight of authority is on this side, and it is the view which has been steadily held by this court.   In *Smith* v. *Eddy*, 1 R. I. 476, the plaintiff sued on a promissory note and the defendants pleaded in set-off an account for work done in part performance of a contract with the plaintiff, which had been broken by the plaintiff, thus entitling the defendants to recover a reasonable sum for the work done.   The court said that such sum could be ascertained only by proof of such breach of the contract as would excuse the defendants from performing their part of the contract.   The plea in set-off was held to be inadmissible.   The evident reason of the decision was that the plea was not within the terms of the statute, because it depended upon the primary settlement of a distinct cause of action—the breach of the contract.

*Bell* v. *Ward*, 10 R. I., 503, held that a bill for services rendered by the defendant, and to have therefor so much as they were reasonably worth, was not within the statute as a set-off, and that it was not ascertainable by calculation.   The claim was for professional services by an attorney at law ; and the court might well hold that such a bill was neither liquidated nor ascertainable by calculation, which are the con-

trolling words of the statute, because there is no general standard of market price for such services as there is, within slightly varying limits, for mechanical and other labor and for goods sold.

Professional services are not ascertainable by calculation, but by estimate and opinion upon the testimony of expert witnesses. To say generally, however, that a set-off cannot be based upon a *quantum meruit* or *quantum valebat* practically eliminates from the statute the provision, in regard to an implied contract, in the sentence : "Or on any contract express or implied." The ordering of goods, or the employment of one to work without stipulating the wages, are typical contracts implied in fact. See Bouv. Law Dict. tit. Contract. But the provision relating to contracts is modified by the previous requirement of the statute that it must be "ascertainable by calculation." In *Bell* v. *Ward*, therefore, as in all cases, the opinion must be taken as applicable to the case before the court, which was a case where the value of the services could only be ascertained by estimate and opinion. Contracts implied in law generally arise upon a liquidated claim ; but they are quite rare in practice, and to confine the statute to such cases would give it a very limited scope. The ordinary cases of set-off are those of an account for work, or goods, under a contract implied in fact, where the sum due is ascertained upon the basis of fair and ordinary market prices. It has been the uniform practice of the court, and so far as we are aware without objection, to allow bills of this sort in set-off, and we do not construe these opinions as prohibiting them. We have no doubt they were intended to be allowed by the statute. There is very little difficulty in ascertaining the amount due on such bills, while for professional services there might be a wide divergence of opinion.

In *Clyde* v. *Knight*, 12 R. I. 194, a plea in set-off set up a claim for damages for breach of a contract by the plaintiffs, as common carriers, to transport merchandise, and the plea was not allowed. One reason given for the disallowance of the plea was that the testimony of witnesses would be needed

to determine it.   The plaintiffs rely in part on that reason in opposing the set-off in this case.   We do not think this reason is adequate.   No claim in set-off can prove itself, unless possibly a negotiable instrument, and even that may require proof of signature.   In *Barr* v. *Walling*, 12 R. I. 214, it was held that an issue of fact in set-off should have been submitted to the jury.

The fatal objection to the set-off in this case is that it is not a claim founded "on a contract," but is a claim for damages founded on a breach of contract, and hence not within the terms of the statute.   It is the same as in *Smith* v. *Eddy*, *Clyde* v. *Knight*, and *Am. Loan Co.* v. *Booth*, 17 R. I. 736, all of which set up breaches of contract.

The remedy of set-off is not a common-law but a statutory remedy, and its extension must be by the law and not by the court.

(2)   We are therefore of opinion that the claim in set-off, being for a breach of contract, is not admissible.   While this construction of the statute may, in many cases, require a defendant to bring a separate action to establish his cross claim, he does not thereby lose the equitable remedy of applying his claim in reduction of the plaintiff's judgment against him ; for, by Gen. Laws cap. 246, § 9, the judgments may be set off and execution issue for the balance in favor of the party to whom it is due.   This furnishes a strong reason for a strict construction of the law, tending to maintain simplicity of issues.

(3)   The defendant further argues that his plea is admissible on the ground of the insolvency of the plaintiffs, upon the authority of *Clarke* v. *Hawkins*, 5 R. I. 219 ; *Irons* v. *Irons*, 5 R. I. 264 ; and *Troup* v. *Mechanics Bank*, 24 R. I. 377.

The declaration describes the plaintiffs as copartners and trustees for William Sutter, assignee of said plaintiffs.

The mere recital of an assignment to Sutter does not warrant the inference of the insolvency of the firm.   It is possible that the firm, desiring simply to close its business, may

have assigned to a trustee for that purpose.    We do not pass upon this question.

Demurrer to plea in set-off sustained.

*Darius Baker*, for plaintiffs.

*J. Stacy Brown*, for defendant.