JOHN J. McPHILLIPS *vs.* CATHERINE DURKIN.

JUNE 13, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(*1*)  *Assumpsit.  Contracts.  Extras.  Pleading.*

Where in a declaration the plaintiff set out a written contract between the defendant and· himself by which he agreed to build a house for a certain sum, and alleged that afterwards the contract was modified in certain respects and plaintiff performed extra work and furnished extra materials, and that while no specific price was agreed upon for the changes, the reason-

able cost and extra necessary expense thereof would be the sum sued for, making a total sum due plaintiff of the original contract price and the amount sued for as extras, and admitted the payment of the original price, leaving the balance due for extras, evidence tending to show a breach of the original contract was properly admitted, by way of recoupment, for the inclusion in the declaration of the sum sued for in the total sum due under the contract was essentially correct as the modifications were trifling, but if the claim for extras be regarded as a new contract, the defendant could still recoup as the two claims grew out of the same transaction.

ASSUMPSIT.   Heard on exceptions of plaintiff and over-ruled.

BAKER, J.   This is an action of assumpsit brought originally in a district court to recover the sum of two hundred fourteen and eighty-three hundredths ($214.83) dollars as a balance alleged to be due the plaintiff for the construction of a house by him for the defendant.   A jury trial was claimed and had in the Superior Court, resulting in a verdict in favor of the plaintiff in the sum of ten ($10) dollars.   The plaintiff thereupon filed a motion for a new trial on the ground that the damages awarded were grossly inadequate, which motion was denied.   To this decision an exception was taken, and the plaintiff is now before this court on his bill of exceptions, which in addition to the exception to the denial of the motion for a new trial contains twenty-eight (28) other exceptions, twenty-seven (27) of which are to the rulings of the trial court in admitting testimony, and the remaining one (1) is to a portion of the charge to the jury.

The plaintiff's declaration in addition to the common counts ordinarily found in a printed district court writ contained a special count wherein he alleged a written contract between the defendant and himself by which he agreed to build a house according to certain specifications, and she agreed to pay therefor the sum of six thousand three hundred and sixty ($6,360) dollars.   The declaration then alleges "that thereafterwards  . . .   the said plaintiff at the defendant's request modified and changed said specifications in certain respects, and then and there performed

certain extra work and furnished certain extra materials in the construction and erection of said house for said defendant; that said plaintiff has complied with all the terms and conditions of said original instrument in writing, as well as any modification or change made therein, and performed his work in a proper and workmanlike manner." It is further alleged that while no specific price was agreed upon for these changes, the "reasonable cost and extra necessary expense thereof" would be the sum sued for "making a total sum due said plaintiff of six thousand five hundred seventy-four and eighty-three one hundredths ($6,574.83) dollars under said contract;" that the defendant had paid six thousand three hundred and sixty ($6,360) dollars, leaving a balance due as stated.

At the trial the plaintiff admitted that the defendant was entitled to a credit which reduced his claim to two hundred six and fifty-eight hundredths ($206.58) dollars. The defendant denied liability for specified items in the plaintiff's bill of extras, amounting to sixty-eight and eighty-one hundredths ($68.81) dollars, in addition claimed credits or allowances amounting to twenty-eight and thirty-eight hundredths ($28.38) dollars and offered testimony tending to show defects in material and work in the construction of the house, particularly in the painting of its exterior as not being what was called for by the contract, to remedy which defects it was estimated that it would have cost one hundred ($100) dollars in the latter part of 1916, when the work was done, but would cost one hundred and fifty ($150) dollars at the time of the trial in January, 1918.

Exceptions 1 to 27, inclusive, relate to the admission of testimony tending to show a breach of the original contract. In other words, the plaintiff's contention is in effect that inasmuch as in this action he is only seeking to recover for (1) labor and materials not called for by the original contract the defendant should not be permitted by way of recoupment to diminish or defeat his claim by one of her own based upon the original contract for the reason that the two claims do not

"grow out of the same contract," as the doctrine of recoupment requires.

In bringing his action the plaintiff stated his case in terms which are entirely inconsistent with his present claim. As has appeared already, he included in his declaration the sums now sued for in the total sum due him "under said contract," that is, his contract to build the house. We think this description of his contract and claim is essentially correct, the modifications and alterations of the original contract were so trifling. This statement of his case, taken literally, shows that the defendant would be entitled to recoup her damages. But if the claim for extras be regarded in fact as a new contract, we do not think that it would of necessity follow that the defendant could not recoup, as the two claims grow out of the same transaction. In the last edition of Bouvier's Law Dictionary, among the definitions of the word "transaction" we find the following: "A group of facts so connected together as to be referred to by a single legal name. . . . The term transaction is a broader one than contract." And see the cases cited in Vol. 8 of Words & Phrases, pages 7060-1, as to the meaning of the word "In reference to counterclaim." By the courts of most of the states the doctrine of recoupment is favored on the ground that it tends to promote justice and prevent needless litigation, by avoiding circuity of action and multiplicity of suits, although in a few states the doctrine is somewhat narrowly interpreted. Many states now regulate the matter by statute, and under the term counterclaim, include both recoupment and setoff. In this state the doctrine of recoupment has received a liberal interpretation, as may be seen in *Hill* v. *Southwick*, 9 R. I. 299 and *Davidson* v. *Wheeler*, 17 R. I. 433, and the cases cited therein with approval. In the former case it was held that in an action on a promissory note, the consideration of which was an agreement to convey mining stock, the defendant was entitled by way of recoupment "to diminish the amount recoverable on the note to the extent of the loss which he sustained by the plaintiff's failure

to perform his agreement," the doctrine being applicable "where both claims grow out of the same contract or transaction." In *Davidson* v. *Wheeler, supra,* the plaintiff sued the defendant in an action of case for deceit in inducing the plaintiff to build a cellar and to do mason work on a lot, represented by the defendant to belong to himself, but which in fact was the property of his wife. The ruling of the court permitting testimony to be introduced by the defendant as to the poor quality of the work done by the plaintiff was upheld. The court said on page 435, "The purpose of allowing matters growing out of the same transaction to be given in evidence by way of defence, instead of requiring a cross action to be brought, is to avoid circuity of action and multiplicity of suit. The tendency of modern judicial decisions is to permit this, when it can be done without a violation of principle or great inconvenience in practice." The court cited in this connection *Stow* v. *Yarwood,* 14 Ill. 424, quoting therefrom *inter alia* as follows: "It is sufficient that the counter claims arise out of the same subject-matter, and that they are susceptible of adjustment in one action."

The plaintiff cites *Bozarth* v. *Dudley,* 44 N. J. Law 304 (1882); *Weir* v. *Allen,* 89 N. J. Law 597 (1916); and *Keyes* v. *Western Vermont Slate Co.,* 34 Vt. 81 (1861). In *Bozarth* v. *Dudley,* the plaintiff constructed a stable for the defendant under a sealed contract and the contract price was paid in full. The plaintiff also did extra work on the stable and for that he sued in assumpsit. The defendant claimed the right in this action to recoup the damages resulting from defective work and materials put into the stable under the sealed contract. Recoupment was refused. The court said on page 313: "Recoupment is permitted solely by force of Section 129 of the Practice Act. . . . By the terms of that section it is restricted to damages arising out of the non-performance or defective performance of the same contract which is sued on. A notice of the particulars of such a defence is required to be annexed to the plea and filed therewith. In this case not only was there no such notice, but

it is plain that the damages sought to be recouped arose from another contract. The contract sued on was the implied undertaking arising from the furnishing of the extras on the stable. The recoupment claimed was upon the sealed contract."

Section 129 referred to in the opinion is as follows:

"Sec. 129. In actions on contracts not under seal the defendant may set up as a defence in abatement of the damages to be recovered by the plaintiff, a defect in, or partial failure of, the consideration of the contract sued on, and may also recoup any damages (which he may have sustained) by reason of the non-performance or defective performance of any part of the same contract by the plaintiff; *Provided,* that a notice of the particulars of such defence be annexed to to the plea and filed therewith."

As in *Bozarth* v. *Dudley, supra,* the decision was determined by the provisions of a statute, it can have, in the circumstances, little persuasive influence in leading to the modification of the more liberal application of the doctrine adopted in this State.

*Weir* v. *Allen, supra,* does not require comment. In passing, it may be noted that in 1903 the statute of New Jersey relating to recoupment was amended so as to apply to any contract "whether under seal or not" and to permit a defendant to "recoup all damages . . . by reason of any cause of action arising out of the contract or transaction which is the subject of the action." See Section 105 of the Practice Act of 1903, Compiled Statutes, p. 4084.

In the Vermont case, *supra,* there was no decision on the question of recoupment, the court on page 84, saying, "As only three members of the court have participated in the decision of this case, and we are not precisely agreed in our view of what is the exact limit of this doctrine here, we do not attempt to lay down any rule, as we do not find it necessary for the decision of the case." The court then consisted of six members.

Even if by a very strict and narrow construction it was held that the damages claimed by the defendant in recoupment grew out of the original contract, and that plaintiff's claim for extras is a separate and additional contract, nevertheless it is obvious that both claims grow out of one and the same transaction, to wit, the building of the house. The evidence objected to was, therefore, properly admitted and the first twenty-seven (27) exceptions are accordingly overruled.

Exception 28 purports to be taken to that part of the charge to the jury "wherein the said justice said that the jury had a right to allow the defendant to deduct any damages sustained by her from the contract price, because of misconception or misapprehension of the facts." When plaintiff's counsel took this exception at the close of the charge he stated that he did so "on the ground that there is no evidence making any claim to any misconception or misapprehension of the facts whatever. He now urges that the use of the words "misconception or misapprehension of facts" was not justified by the evidence and was prejudicial error. An examination of the charge shows that the word "misconception" was not used, but that the expression "a misapprehension of the facts" was employed twice and that the word "misapprehension" is used otherwise four times. The plaintiff in his brief specifies three portions of the charge objected to, the one in which the word "misapprehension" is employed four times being found in the following quotation: "The plaintiff insists that so far as the original contract goes, the building of that house, that that contract has been completed; that he performed the work in accordance with the terms of the contract, and that the material was furnished as required by the contract, and that he has done everything called for by the contract, and that he and the defendant have settled that, and that matter is not open for your consideration at the present time. That would be so if the contract has been performed according to the terms and specifications of the agreement in every respect,

and they had settled it between them.    But, if for any reason unknown to the defendant, the contract had not been performed in accordance with its terms and the agreement made, and if she, under a misapprehension of facts, had paid him the contract price, and afterwards he undertakes in an action against her to recover for extra work done on that house, she having ascertained that she was under a misapprehension in settling that bill, under the misapprehension that the work had been done in accordance with the specifications, and that the material was in accordance with the specifications, and she was laboring under a misapprehension of the facts at that time, then it is open to her to deduct from the claim, or from the sum that would be otherwise due him for the extras, such sum or amount as she has lost by reason of his failure to comply with the terms of the original contract."

Whenever it appears in the charge the word "misapprehension" is used in connection with or in reference to a statement of defendant's right to deduct the amount of her damages if she had paid in full the amount due under the original contract in ignorance of the fact that in certain respects the materials furnished by plaintiff were not in conformity with the terms of the contract.    The exception is based wholly upon the claim that there is no evidence justifying the use of the word "misapprehension" as employed in the charge.

To point out that there was testimony to which such references in the charge were pertinent, it will suffice to call attention to the provision in the contract as to painting that the exterior was "to have two good coats of Jewett pure white lead and pure linseed oil," to the testimony of the defendant that the paint came off the exterior of the house right after its occupation, and the positive testimony of Mr. Barry, an expert builder, that its appearance in January, 1918, showed that white lead and linseed oil were not used in the exterior painting as called for by the specifications. There was evidence, therefore, to justify the portions of the charge in which the word "misapprehension" appears, and we are of opinion that it is not reasonably probable that the

jury were in any way misled by the use of the word.    Exception twenty-eight (28) is therefore overruled.

We also think that the plaintiff takes nothing by his exception to the denial of the motion for a new trial.    There was evidence, which if believed, would support the verdict. If the defendant's testimony as to disputed items and her claims for allowances were accepted as correct and the smaller sum, one hundred ($100) dollars, named by Mr. Barry as necessary in 1916 to make good the contractor's deficiencies were likewise adopted, there would be due the plaintiff a little less than ten ($10) dollars.

The verdict has been upheld by the trial judge and we discover no sufficient reason for disturbing it.    All the exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Flynn & Mahoney,* for plaintiff.

*Fitzgerald & Higgins,* for defendant.    *Edward L. Leahy,* of counsel.