ELI FRANK *et al.* RECEIVERS OF DREADNAUGHT TIRE & RUBBER CO. *vs.* BROADWAY TIRE EXCHANGE CO.

DECEMBER 31, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

*(1) Demurrers.*

Exceptions based on the overruling of demurrers will not be entertained, where the decision overruling the demurrer permits the action to proceed to a determination of issues of fact tendered by the pleadings, until after these issues of fact have been tried.

*(2) Foreign Corporations. Power of Attorney. Contracts. Receivers.*

Receivers of a foreign corporation which has not filed the power of attorney under Gen. Laws, 1909, cap. 300, §§ 42-44, cannot maintain in the courts of this State an action to recover money arising out of a contract made by the corporation within this State.

ASSUMPSIT.    Heard on exceptions of plaintiff and overruled.

PARKHURST, C. J.    This is an action of assumpsit on book account and common counts, commenced by Eli Frank and George C. Phillips, receivers of Dreadnaught Tire and Rubber Company of Baltimore, appointed under a decree of the District Court for the District of Maryland.

To the declaration the defendant filed a plea in abatement setting up in substance that the contract on which the writ and declaration were based was made within the State of Rhode Island, and that at the time of the commencement of said action the Dreadnaught Tire and Rubber Co. was a foreign corporation, and had not filed, with the Secretary of State any copy of any written power of attorney duly certified, etc., to accept service of process, etc., in accordance with the provisions of the statute.    To this plea the plaintiff filed what is referred to in the pleadings as an additional replication, setting up the fact that the plaintiffs were receivers duly authorized to bring this action and that the action was not commenced by a foreign corporation and that the plaintiffs as receivers were not required, under any statute of the State of Rhode Island, to file the power of attorney referred to in the first plea of the defendant.    To this additional replication the defendant demurred on two grounds:    First:    The conclusion stated therein excusing the necessity for filing a power of attorney under the laws of the State of Rhode Island is erroneous in law:    Second, Plaintiffs, as receivers of said corporation, cannot maintain an action at law for the recovery of any debts due the corporation.

After hearing this demurrer a judge of the Superior Court sustained the demurrer on the first ground and overruled it

on the second ground; and thereupon the plaintiffs took exception to the decision sustaining the first ground, and the defendant took exception to the decision overruling the second ground, and both bills of exception have been duly prosecuted to this court, and are now before us.

(1)   We do not find it necessary to determine the question raised by defendant's exception, for several reasons; first: certain issues of fact are tendered by other pleadings in this case and it is not our practice to entertain exceptions based upon the overruling of demurrers, where the decision overruling the demurrer permits the action to proceed to a determination of issues of fact tendered by the pleadings, until after these issues of fact have been tried; second: the defendant has argued its exception as if it appeared that the plaintiff receivers were appointed in a bankruptcy proceeding (although it nowhere appears in the pleadings that they are such), and appears to claim that because they are receivers in a bankruptcy proceeding in Maryland they are not entitled to maintain this action; in regard to this it is enough to say that we do not find on defendant's brief sufficient authority on the subject of receivers in bankruptcy and their rights, powers and duties to enable us to arrive at any conclusion upon the question whether such receivers are limited and restricted by law in the matter of bringing suits such as this, or whether they have the same right of suit by comity in the state courts as other receivers, appointed in equity or other proceedings, are generally deemed to have; and lastly the determination of the question is immaterial in this case, in view of our determination of the question raised by the plaintiff's exception.

The plaintiff's exception raises the question, briefly stated, whether the plaintiffs, as receivers of a foreign corporation (other than a national banking association or other corporation existing under the laws or by the authority of the United States) can maintain in the courts of this State an action to recover a sum of money arising out of a contract made within this State, in view of the provisions of Chap.

300, Sec. 42, Sec. 43, Sec. 44 of the General Laws of R. I. (1909), which sections read as follows:

"Sec. 42. No corporation, unless incorporated by the general assembly of this state, or under general law of this state, excepting national banking associations or other corporations existing under the laws or by the authority of the United States, shall carry on within this state the business for which it was incorporated, or enforce in the courts of this state any contract made within this state, unless it shall have complied with the following sections of this chapter.

"Sec. 43. Every such foreign corporation shall appoint by written power some competent person resident in this state as its attorney, with authority to accept service of all process against such corporation in this state, and upon whom all process, including the process of garnishment, against such corporation in this state may be served, and who, in case of garnishment, when the fees therefor shall have been paid or tendered, shall make the affidavit required by law in such cases, and who shall cause an appearance to be entered in like manner as if such corporation had existed and been duly served with process within this state.

"Sec. 44. A copy of such power of attorney duly certified and authenticated, shall be filed with the secretary of state; and copies thereof, duly certified, shall be received in evidence in all courts of this state."

(2)    Under the pleadings and briefs in this case, so far as they relate to this exception, it stands admitted that the Dreadnaught Tire and Rubber Co. is a corporation of Baltimore in the State of Maryland; it is not claimed that said company has ever appointed an attorney; it is admitted that it has never filed a copy of its power of attorney, as provided in the above statute, and that the contract sued on was made in Rhode Island.

It is very plain that the Dreadnaught Co. if it were itself the plaintiff in this case could not under Sec. 42, "Enforce in the courts of this state any contract made within this

state." under the circumstances herein set forth; and the same is implied in the case of *Swift & Co.* v. *Little*, 28 R. I. 108.

It is urged by plaintiffs that they, as receivers, could not prior to suit comply with the statute and so save their suit, as Swift & Co. were held to be entitled to do in *Swift & Co.* v. *Little, supra;* and that therefore they and the interests they represent ought not to be held to suffer the consequences of the Dreadnaught Co.'s default; and they seem to argue that, in some way, which is not very clear, they ought to be allowed to maintain this action.

We find no ground for such contention. It is generally held that a receiver stands in the shoes of the person over whose estate he has been appointed, and is clothed with only such rights of action as might have been maintained by such person.

This was the principle of the decision in the case of *Ryder* v. *Ryder*, 19 R. I. 188, 192, where the last paragraph of the syllabus states the principle as follows: "In the absence of fraud or statutory regulations, a receiver, like a voluntary assignee for the benefit of creditors, or assignee in insolvency or bankruptcy, succeeds only to the debtor's rights and takes the property subject to the claims, liens and equities which would affect the debtor if he himself were asserting his interest in the property." ; and cites a long list of cases (p. 192) in support thereof.

High on Receivers (4th Ed.) thus states the law: "§ 201. In general, a receiver, by virtue of his appointment, is clothed with only such rights of action as might have been maintained by the persons over whose estate he has been appointed, and to whose rights, for purposes of litigation, he has succeeded." . . . "§ 245. . . . In ordinary actions brought by a receiver in his official capacity to recover upon an obligation or demand due to the person or estate which has passed under the receiver's control, the defendant may avail himself of any matter of defense which he might have urged had the action been brought by the original party instead of by his receiver." . . .

Also Beach on Receivers (2d Ed.), page 751. "Section 704:. A defendant in a suit brought by a receiver may avail himself of any defence which he has to the claim as against the original party, and may plead it with like effect. This rule follows naturally from the proposition already stated that the appointment of a receiver does not affect the obligation of contracts or other rights of action existing between the party whose property is given over to a receiver, and others." . . . See also, 34 Cyc. pp. 389, 439.

The plaintiffs cite no cases in support of their contention, and nothing has been called to our attention that in any way modifies the general principle above set forth.

The plaintiffs' exception is overruled, the decision of the judge of the Superior Court in sustaining the defendant's demurrer on the first ground is affirmed; and the case is remitted to the Superior Court sitting in Providence County for further proceedings.

*Edward C. Stiness, Daniel H. Morrissey,* for plaintiff.
*Philip C. Joslin, Ira Marcus,* for defendant.