Hillsborough, ⎫
May 5, 1953. ⎬  No. 4211.

PETITION OF LEON KEYSER, INC.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the receiver.

*Warren, Wilson, Wiggin & Sundeen* and *Bartram C. Branch* (*Mr. Branch* orally), for the bank.

GOODNOW, J.   It has long been recognized that in the absence of special circumstances, the relationship between a depositor and a national bank in which he has a checking account is one of creditor and debtor. *State* v. *National Banks,* 75 N. H. 27, 29. The sums on deposit are payable by the bank on order of the depositor and on demand. The issue presented by this case is whether a creditor (the bank) holding an unmatured claim against an insolvent (the corporation) may set off that claim, upon its maturity and after the appointment of a receiver, against a debt payable by it on demand (the checking account) to the insolvent.

The basic reason for the appointment of a receiver is to secure

and conserve the property for the benefit of all persons interested therein. *Munsey* v. *Company*, 91 N. H. 51, 53; *Staples* v. *Company*, 85 N. H. 115, 117. The effect of such an appointment is the freezing of the affairs over which the court has taken control at the time of the appointment, pending the orderly reduction of the assets to such form as may be necessary for distribution and the judicial determination of the rights and obligations involved. The property is thereby in *custodia legis*. The rights and interests of the parties relate to and become fixed as of that date (*Hall* v. *Paris*, 59 N. H. 71, 73) as do the right and title of the receiver (*National Bank* v. *Company*, 90 N. H. 232). The adoption of any other rule would surely result in inequities between those interested in the property of the estate.

The statutory provisions concerning set-off (R. L., *c.* 391, *ss.* 7, 8) do not apply to debts of which one, though otherwise mutual, is not yet due. The right of set-off exists as to "mutual debts and demands" if "a right of action existed thereon" at the commencement of the plaintiff's action (*s.* 8). The application of this statute to a proceeding of this nature rests upon equitable principles. The action against the bank must be deemed to have been commenced upon the appointment of the receiver, when the rights of the parties became fixed. In the absence of other circumstances, if the debt owed to the bank had been due on the date of the receiver's appointment, a set-off would have been allowed under the statute. Where the debt is not yet due on that date, the statute is not applicable.

The case of *Mathewson* v. *Strafford Bank*, 45 N. H. 104, cited by the bank in support of its claim to such a right under the statute is not in point. The conclusions as to set-off reached in that case, decided in 1863, apply only to actions brought by or against administrators under *s.* 5 of the statute (R. S., *c.* 187) referred to in the opinion (incorrectly cited therein). The subsequent amendment of this section in 1867 (G. S., *c.* 208, *s.* 9), to read substantially as our present statute (R. L., *c.* 391, *s.* 9), without amendment of the general set-off statutes, indicates the limited scope intended for that decision.

If the right of set-off exists in favor of a creditor holding an unmatured claim against a debtor over whose property a receiver has been appointed, it must rest upon the recognized power of a court of equity to allow it. Such an equity power, independent of the statutes, is exercised "in the interests of justice" (*Hovey* v. *Morrill*, 61 N. H. 9, 12) and "where peculiar equities intervene between the parties." *Arcadia Mills* v. *Company*, 89 N. H. 188, 189.

One party to be considered in a determination of the equities is the creditor seeking the set-off. The other is the group composed of the creditors who will be affected by a set-off. The creditor seeking the set-off must be an unsecured creditor as to the amount due against which relief is sought by set-off. The equitable allowance of set-off as to an unsecured creditor holding an unmatured claim against the insolvent clearly works to the prejudice of the other unsecured creditors. It permits one creditor, in effect, to receive payment in full of an unsecured claim against the insolvent to the extent of the obligation owed by the creditor to the insolvent, instead of sharing *pro rata* as to the full claim with all of the other unsecured creditors. At the same time, it depletes the assets and reduces the amount available for *pro rata* distribution to the other creditors to the extent that the one creditor benefits. The right to set-off where there are mutual debts both of which are due on the determinative date is of long standing and well recognized. It is one to be anticipated by other creditors. The right claimed by the bank in this action is not so recognized or understood. The view taken that the interests of the general creditors are not to be considered in connection with such a set-off since their equity "does not begin until the set-off has taken place" (*Sullivan* v. *Bank,* 108 Conn. 497, 503) is not adopted here. The power of the court in the appointment of a receiver is exercised principally "for the benefit of creditors." *Munsey* v. *Company,* 91 N. H. 51, 53. The consideration of one creditor's claim to equitable relief without thought for the whole body of creditors is not consistent with the basic principles of a receivership.

The creditor seeking equitable relief by set-off in this case made an agreement with the insolvent prior to the appointment of the receiver. The indebtedness due to the creditor was not to become payable until a day certain. Had provision been made for a quickening of maturity to the date of the appointment of a receiver, if such an event should occur, or had the note been payable on demand, the creditor's right to set-off as of the date of appointment would have been clear and undisputed. The power to dictate the terms of payment lay with the creditor who now seeks relief and not with the debtor who later became insolvent; otherwise the creditor need not have accepted the note on the terms as written. The creditor chose a fixed maturity date for the obligation owed by the debtor. Until the maturity of the note, the creditor was not free to take any action to collect it, either by process against the property of the debtor or by set-off of the checking account. On the other hand,

until the appointment of the receiver, other creditors having matured claims were at liberty to take such action against the property of the debtor as they saw fit to secure the payment of the debts owed to them. They might have attached the checking account in question and the bank, until the maturity of its note, would have been powerless to exercise a right of set-off in its favor. Upon the appointment of the receiver, the court took control of the assets. Thereafter, no action could be taken by any creditor which would interfere with that control or which would improve the position of that creditor at the expense of the others. The granting of a set-off to a creditor holding an unmatured claim on the date of the appointment would allow that creditor to exercise a right in his favor, at the expense of the other unsecured creditors, on the maturity of the note, a date subsequent to the date of the appointment. Just as the other creditors were prevented from gaining a preference as to their claims after the appointment of the receiver, so the creditor holding an unmatured claim should be deprived of the right to secure a special advantage after that date. The allowance of a set-off would be inequitable to the general creditors and should be denied.

While this view is not in accord with what is said to be the weight of authority, it does have substantial support in a number of other jurisdictions. 43 A. L. R., 1328; 108 A. L. R. 778. Cases supporting the other view (*Pendleton* v. *Hellman Bank*, 58 Cal. App. 448; *Kasparek* v. *Bank*, 170 Okla. 207; *Demmon* v. *Boylston Bank*, 59 Mass. 194) aside from those controlled by special statute, look only to the creditor seeking the set-off and disregard the interests of the other creditors.

*Exception overruled.*

All concurred.