348 A.2d 720.

HERBERT J. ABEDON, *in his capacity as receiver of C. W. Riva Co. vs.* PROVIDENCE REDEVELOPMENT AGENCY.

DECEMBER 19, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This civil action is between the receiver of C. W. Riva Co., the plaintiff, and the Providence Redevelopment Agency, the defendant. It was heard in the Superior Court on an agreed statement of facts which disclosed a claim of the insolvent for $6,902.58 representing the balance due from the agency on an $82,475.88 contract for engineering and related services. It also discloses the agency's counterclaim for $8,568, that being the amount which it paid to a third party for completing work on the contract left undone by the insolvent. A judgment was entered for the receiver in the amount claimed, and a judgment in a like amount was entered for the agency on its counterclaim. Only the receiver has appealed.

The sole question raised by the parties is whether the agency can set up so much of its claim against the insolvent as will abate the latter's claim, or whether instead it must be restricted to sharing pro rata with other creditors of the same class in the distribution of the receivership assets.

Had this case arisen prior to January 10, 1966 when the Superior Court's Rules of Civil Procedure took effect, the agency's breach of contract claim, being unliquidated and requiring proof of the amount of the injury, could not have been set off against the insolvent's demand under the then controlling statute. *Cole* v. *Shanahan*, 24 R. I. 427, 428-31, 53 A. 273, 274-75 (1902). The bar against a plea in setoff, however, would not have applied to recoupment which was permitted where one party claimed damages because of his opponent's failure to comply with some cross-obligation of the contract upon which he was suing. *McPhillips* v. *Durkin*, 41 R. I. 295, 103 A. 929

(1918). That certainly would have been the case here inasmuch as the damages claimed by the agency grew out of the original contract between it and the insolvent.

When the new procedural rules took effect the agency's right to counterclaim for the damages sustained was, if anything, strengthened. Rule 13 is designed to eliminate multiplicity in litigation. In order to achieve that purpose, it permits defending persons a wide latitude in presenting claims against their adversaries; it removes the restrictions characteristic of common law recoupment and statutory setoff; and, subject to limited exceptions not here pertinent, it makes it compulsory for a pleading to state as a counterclaim any claim which the pleader has against an opposing party which arises out of the transaction forming the basis for the opposing party's claim. 1 Kent, *R. I. Civ. Prac.* §§13.1 and 13.2 at 127-28 (1969).

In this case the agency's claim for monies expended to complete the work left undone by the insolvent certainly grew out of the same transaction which is the subject of the receiver's claim. Hence, it qualifies as a compulsory counterclaim under Super. R. Civ. P. 13(a). The appointment of a receiver in nowise affects the right to file a counterclaim. He stands in the insolvent's shoes, *Frank* v. *Broadway Tire Exch. Co.*, 42 R. I. 27, 31, 105 A. 177, 178 (1918), and he took its property subject to the claims, liens and obligations affecting that property as of the moment of the commencement of the receivership proceedings. *Vitterito* v. *Sportsman's Lodge & Restaurant, Inc.*, 102 R. I. 72, 80, 228 A.2d 119, 124-25 (1967); *see Jablouski* v. *Simons Land Co.*, 46 R. I. 277, 281, 127

A. 3, 5 (1924); *In re United Mutual Fire Ins. Co.*, 22 R. I. 108, 110-11, 46 A. 273, 274 (1900).[1]

The receiver argues, however, that *Lees* v. *Industrial Trust Co.*, 67 R. I. 316, 23 A.2d 197 (1941), dictates a contrary conclusion. In that case the defendant-bank was denied the right to set off its claim on an *unmatured* note against the receiver's claim to funds of the insolvent on deposit. Without determining whether it would be decided differently under the recently enacted Rules of Civil Procedure, we would in any event distinguish it as not involving claims growing out of the same or connected transactions. Thus, the defendant's claim in *Lees* would not properly have been denominated a compulsory counterclaim under Rule 13(a) had that rule then been in effect.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Herbert J. Abedon,* pro se, for plaintiff.

*Raymond Mannarelli, John Boyajian,* for defendant.

---

[1] We are aware that in a later case we said:

"It has been held that the status of claims against such an insolvent corporation is to be determined as of the date of the commencement of the proceedings relating to its dissolution *and the appointment of a receiver.*" *Lees* v. *Industrial Trust Co.*, 67 R. I. 316, 322, 23 A.2d 197, 200 (1941). (Emphasis added.)

In that case, however—as in the case before us—the proceedings were commenced and a temporary receiver was appointed on the same day, and we view the italicized language as descriptive of what occurred on that critical date rather than as indicative of attaching any significance to the time of the receiver's appointment.