Marvin A. BRILL

v.

CITIZENS TRUST COMPANY.

No. 83–205–Appeal.

Supreme Court of Rhode Island.

May 21, 1985.

Reargument Denied June 6, 1985.

Patricia A. Hurst, Providence, for plaintiff.

Robert Fine, Letts Quinn & Licht, Providence, for defendant.

## OPINION

SHEA, Justice.

This is an appeal from a judgment entered in Superior Court granting the defendant's motion for summary judgment. The question before us is whether a creditor-bank that is the holder of an unmatured note is entitled to exercise its equitable right of setoff against deposits of a debtor-corporation that has been petitioned into receivership. We answer this question in the negative.

The material facts in the case are not in dispute. The debtor corporation, Marin, Inc. (Marin), was petitioned into receivership on December 19, 1979, and plaintiff, Marvin A. Brill (Brill), was appointed temporary receiver. On that date Marin, Inc., was indebted to defendant, Citizens Trust Company (Citizens), under an unsecured-promissory-note obligation that had a maturity date of January 10, 1980. By the terms of the note, the holder could elect, at its option, to declare the indebtedness of Marin due and payable at once in case of insolvency. In common banking parlance, this contractual provision is frequently called an acceleration clause.

Citizens was notified of Brill's appointment on December 20, 1979. The bank

thereupon elected to exercise its right of setoff, called the note due, and set off against the note the amount of $3,239.69 out of funds on deposit in Marin's checking account. When Citizens refused Brill's request to reimburse Marin's account and to transmit the funds over to him as receiver, he brought suit. Both parties filed motions for summary judgment, which were heard on January 28, 1983. After hearing, an order was entered denying plaintiff's motion but granting that of defendant.

The legal issue in dispute is the bank's right to setoff against the note after the appointment of a receiver. Brill contends that the bank cannot set off an unmatured claim after the appointment of a receiver for the debtor since, at that point, the rights of others attach. He relies on the language of the court order appointing him temporary receiver, which in pertinent part reads:

"[A]ll creditors of and persons having claims against said defendant corporation be and they hereby are enjoined from proceeding, either at law or in equity, against said defendant corporation or against said Receiver, and from interfering with him or his possession or control of the assets of said corporation in any way, except in and through this cause; and all holders or owners of conditional bills of sale, leases, mortgages, liens or other encumbrances on any of said property of said corporation are hereby enjoined from foreclosing, selling or repossessing themselves of said property, except by and through an Order of this Court."

Conversely, Citizens argues that it was entitled to exercise its equitable right of setoff pursuant to the express language of its note. The appointment of a receiver itself, Citizens contends, accelerates the obligation and creates an equitable right of setoff of an otherwise unmatured claim.

The parties are basically in accord with the general rule that a bank is entitled to a setoff for repayment of a *matured* debt owed by a depositor. We sanctioned this practice in *Westerly Community Credit Union v. Industrial National Bank of Providence,* 103 R.I. 662, 240 A.2d 586 (1968).[1] Nor do they question the wisdom of the inclusion of protective measures in promissory-note obligations upon evidence of insolvency. *See Lees v. Industrial Trust Co.,* 67 R.I. 316, 23 A.2d 197 (1941). A difference of opinion exists, however, in regard to the right of a bank to set off an *unmatured* indebtedness of a depositor against the latter's account.

This jurisdiction has not had an opportunity to address the question directly; however, we considered the issue in *Lees, supra.* Although *Lees* was decided on other grounds, the defendant-bank in that case was denied the right to set off its claim on an unmatured note against the receiver's claim to funds of the insolvent on deposit.[2] In dictum we acknowledged the divergent views and observed that

"[c]ourts of last resort in a substantial number of states * * * refuse to allow any general equitable right of setoff when the note had not matured at the time * * * when receivership proceedings were brought, or, at any rate, at the time of the appointment of a receiver." *Id.* at 322, 23 A.2d at 200.

Other jurisdictions take the view, as Citizens points out, that a bank is entitled to exercise its right of setoff on an unmatured claim even after the appointment of a receiver on the theory that a bank takes title to general deposits and, as a creditor, may set off against them, *Glenn Justice Mortgage Co. v. First National Bank of Fort Collins,* 592 F.2d 567 (10th Cir.1979), or on the basis that a receiver stands in no better position than the debtor with respect

---

1. Rhode Island has adopted provisions of the Uniform Commercial Code that recognize any right of setoff a bank may have in G.L.1956 (1969 Reenactment) § 6A–4–213(4), (5).

2. The note did not contain terms accelerating maturity in the event of receivership, and the bank falsely informed the receiver that there were no funds on deposit.

to the debtor's assets. *Glenn Justice Mortgage Co., supra; Matter of Johnson,* 552 F.2d 1072 (4th Cir.1977).[3]

■ Notwithstanding the above considerations, we are persuaded by the view taken in a number of jurisdictions that the appointment of a receiver freezes the assets of the insolvent as of that date and that, thereafter, the principle that all creditors must share alike precludes the allowance of a setoff in favor of the bank of a deposit against an unmatured indebtedness. *Harding v. Broadway National Bank of Chelsea,* 294 Mass. 13, 200 N.E. 386 (1936); *Blum Brothers v. Girard National Bank,* 248 Pa. 148, 93 A. 940 (1915); *Oatman v. Batavian Bank,* 77 Wis. 501, 46 N.W. 881 (1890); 10 Am.Jur.2d *Banks* § 670 (1963). Support for this theory has its genesis in the primary function of the courts in receivership proceedings through its agents, the receivers, to preserve and manage the assets for the benefit of affected parties.

To that end, we believe that permitting a creditor-bank to set off an unmatured claim against an insolvent would work an injustice against other creditors. Support for this view is found in *Petition of Leon Keyser, Inc.,* 98 N.H. 198, 201, 96 A.2d 551, 552 (1953), wherein the New Hampshire Supreme Court held that "[t]he equitable allowance of set-off as to an unsecured creditor holding an unmatured claim against the insolvent clearly works to the prejudice of the other unsecured creditors." Moreover,

> "[i]t permits one creditor, in effect, to receive payment in full of an unsecured claim against the insolvent to the extent of the obligation owed by the creditor to the insolvent, instead of sharing *pro rata* as to the full claim with all of the other unsecured creditors. At the same time, it depletes the assets and reduces

the amount available for *pro rata* distribution to the other creditors to the extent that the one creditor benefits." *Id.* at 201, 96 A.2d at 552–53.

■ As we have said on innumerable occasions, summary judgment is a drastic remedy that should be applied cautiously. It is only appropriate under circumstances in which no genuine issue of material facts exists. *People's Trust Co. v. Searles,* —— R.I. ——, 486 A.2d 619 (1985). A close reading of the record in this case reveals that there was no genuine issue of material fact that required resolution. Summary judgment, therefore, was appropriate. It is clear from our discussion, however, that the trial justice committed error in granting the defendant's motion for summary judgment. In our view, a creditor-bank cannot set off an unmatured claim against an insolvent debtor once that debtor has been petitioned into receivership. Because no issue of fact existed, the trial justice should have granted the plaintiff's cross-motion for summary judgment.

For the reasons stated, the plaintiff's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court with directions that summary judgment is to enter for the plaintiff.

---

**3.** Citizens sets forth the case of *Abedon v. Providence Redevelopment Agency,* 115 R.I. 512, 348 A.2d 720 (1975), in support of this latter theory. Although we agree with the general principle and stated as much in *Abedon,* our concern in that case was limited to the defendant's right of recoupment for a loss sustained by reason of the plaintiff's noncompletion of a contract out of which the plaintiff's claim originated.